CARLEY vs. SYLVESTER and another.

*February 3 — May 11, 1880.*

(1) EMINENT DOMAIN. *Entry on land of others: Statute construed.* (2) *Reversal for error of fact.*

1. Under ch. 183, P. & L. Laws of 1866, the persons there empowered to dig a race to connect the waters of certain streams and create a mill-power, etc., were not authorized to enter on the land of any other person for those purposes without having first paid the accruing damages.
2. The issues having been submitted to the jury upon a charge which was full, explicit and applicable to the evidence and issues, and included substantially all correct instructions asked by the appellant, which were not given in form, and there being no clear preponderance of evidence against the verdict, the judgment pursuant thereto must be affirmed.

APPEAL from the Circuit Court for *Grant* County.

Defendants appealed from a judgment in plaintiff's favor. The case is stated in the opinion.

For the appellants there was a brief by *J. T. & J. M. Mills*, and oral argument by *J. T. Mills*.

For the respondent there was a brief by *Brooks & Dutcher*, and oral argument by *Mr. Dutcher*.

The following opinion was filed February 24, 1880:

ORTON, J. The complaint in this action is substantially in trespass for breaking and entering the close of the plaintiff and doing damage.

The answer sets up — *first*, the statute of limitations; *secondly*, authority by an act of the legislature; *thirdly*, license or entry by consent; and *fourthly*, that no damage was done to the premises by such entry and disturbance, and that the premises were benefited thereby.

On the trial, the statute of limitations was not urged, and the entry upon the lands of the plaintiff, and digging a ditch through a portion of the same, were not contested. The act of the legislature referred to as authority for so doing, is "An act to authorize the improvement of a water power, and the erection of mills and machinery, in the village of Boscobel," approved March 26, 1866. There was no proof that the defendants paid the damages to be occasioned to the lands of the plaintiff by such improvement, before such entry and disturbance; which payment is made by the act a condition precedent to the right of entry.

On the other two issues there was much testimony and somewhat conflicting, and the jury found generally for the plaintiff; and, it must now be presumed, on both of such issues. There appears to be no reason for disturbing the verdict on the ground of a clear preponderance of the evidence against it.

The instructions asked on behalf of the defendants were very voluminous, and although many of them were rejected in form, they were all substantially given in the general charge, which was full, explicit and applicable to the evidence and issues. We think that the criticisms of the learned coun-

sel of the appellant, although made with great literary ability and refined ingenuity, were more critical than substantial.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.

A motion for a rehearing was denied May 11, 1880.